IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| Dawn M. Blaylock | * | MEMORANDUM DECISION |
|  | * | AND ORDER |
| Plaintiff, | * |  |
| v. | * | Case Number: 1:18-cv-00082 |
|  | * |  |
| Andrew M. Saul, Commissioner | * |  |
| of the Social Security Administration | * | Honorable Dustin B. Pead |
|  | * |  |
| Defendant. |  |  |

Before the court is Dawn M. Blaylock's ("Plaintiff's") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. *See* 42 U.S.C. § 1383(c)(3). The court held oral arguments on August 16, 2019.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In August 2014 Plaintiff applied for SSI benefits, alleging disability beginning July 11, 1982 (Tr. 173).[1] Through counsel at her hearing Plaintiff amended her alleged onset date to August 25, 2014 (Tr. 232). Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 6, 2017 (Tr. 173). On July 3, 2017, the ALJ issued a written decision denying Plaintiff's claim for SSI benefits (Tr. 170-190). On May 8, 2018, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision the Commissioner's final decision for purposes of administrative review.

---

[1] Tr refers to the transcript of the administrative proceedings in this case.

1

On July 17, 2018, Plaintiff filed her complaint in this case.[2] The Commissioner filed his answer and the administrative record on September 17, 2018.[3] On September 17, 2018 and September 18, 2018, the parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[4] Consequently, this case was assigned to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Plaintiff filed her opening brief on December 5, 2018.[5] The Commissioner filed his answer brief on February 4, 2019.[6]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds

---

[2] *See* docket no. 3.
[3] *See* docket nos. 7-8.
[4] *See* docket nos. 10-11.
[5] *See* docket no. 16.
[6] *See* docket no. 20.

for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

The ALJ evaluated Plaintiff's case through step five, making the following findings:

1. Plaintiff "has not engaged in substantial gainful activity" since her amended alleged onset date (Tr. 175).

2. Plaintiff "has the following severe impairments: traumatic partial amputation of the left foot, bilateral carpal tunnel syndrome, bilateral degenerative joint disease of the SI joints, social anxiety disorder, and major depressive disorder (*Id.*).

3. Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments (*Id.*)."

4. The Plaintiff "has the residual functional capacity ("RFC")" to perform a limited range of sedentary work, and she can have "occasional interaction with supervisors and co-workers but only brief and superficial contact with the public (Tr. 177)."

5. The Plaintiff does "not have past relevant work," but "considering the [Plaintiff's] age, education, and work experience, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform (Tr. 185)." In other words, Plaintiff failed at step five.

Among other things, Plaintiff argues that the ALJ failed to consider and properly weigh the opinion of Gary Goodrich, Ph.D.[7] The court agrees. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

As an initial matter, the court notes that when the claim was decided at the initial and reconsideration levels in 2014 and 2015, the Commissioner used different standards and definitions in addressing the four 'B' criteria of the mental health listings. In January of 2017, the four 'B' criteria changed. The new four areas of functioning are: 1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage oneself.

In this case, the state agency physicians evaluated Plaintiff's ability to perform activities of daily living and episodes of repeated decompensation (Tr. 266), whereas the Commissioner evaluated her ability to understand, remember, or apply information and the ability to adapt and manage oneself. The other two areas of mental function, social interaction and the ability to concentrate, persist, and maintain pace, are largely similar under both the old regulations and the new. The ALJ found Plaintiff had mild limitations in the first, third, and fourth newly enumerated areas of mental functioning, and a moderate limitations in the second area (Tr. 176). The state agency medical professionals, however, determined Plaintiff had mild limitations in the first area of functioning, moderate in the second two areas, and none in the fourth (Tr. 249, 266).

---

[7] *See* Pl. Br. 19-22.

Although the ALJ acknowledged the changes to the 'B' criteria (Tr. 184), he did not provide this court with a sufficient basis to determine that appropriate legal principles have been followed.

In addition, the ALJ failed to set forth specific and legitimate reasons for rejecting Dr. Goodrich's opinion. Here, Dr. Goodrich provided a medical source opinion in April 2017 (Tr. 1243-1245). In a written letter he states that Plaintiff meets the criteria for complex PTSD, Generalized Anxiety disorder, and Major Depressive disorder, severe (Tr. 1243). He states Plaintiff has been "committed to therapy, group, and medication," and that despite all of this treatment her symptoms have remained. *Id*. He also notes Plaintiff's difficulty in creating and maintaining meaningful relationships with others, opining that she would have extreme difficulty in required interactions with others. Dr. Goodrich also supplies a mental residual functional capacity form, in which he opines Plaintiff has extreme limitations in her ability to understand, remember, and apply information, a mild limitation in interacting with others, a marked limitation in her ability to sustain concentration, persistence, and pace, and a marked limitation in her ability to adapt or manage herself (Tr. 1245).

The Tenth Circuit has held that "[i]f the opinion of the claimant's physician is to be disregarded, specific, legitimate reasons for this action must be set forth." *Frey v. Bowen*, 816 F.2nd 508 (10th Cir. 1987) (citing *Byron v. Heckler*, 742 F.2d 1232 (10th Cir. 1985)). While the court acknowledges that an ALJ need not address every piece of evidence in a claims file, if an ALJ is to dismiss or discount an opinion he must have legitimate, specified reasons for doing so. The opinion of Dr. Goodrich is not mentioned or weighed in the ALJ's decision, which constitutes error of law. The court finds that the opinion and conclusions of Dr. Goodrich are worthy of addressing and weighing, particularly in light of the new listing criteria now employed

by the Commissioner. Accordingly, the court concludes that the ALJ's failure to consider and weigh the opinion of Dr. Goodrich constitutes error.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ failed to consider and weigh the opinion of Dr. Goodrich. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REMANDED**.

**IT IS SO ORDERED**.

DATED this 22nd day of August, 2019.

BY THE COURT:

Dustin B. Pead
United States Magistrate Judge